UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER G.,[1]<br>　　　　Plaintiff<br>　　v.<br>ANDREW SAUL, Commissioner of Social Security,<br>　　　　Defendant. | Case No. 2:20-cv-02842-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.　PROCEDURAL HISTORY

Plaintiff Sylvester G. ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of his application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 9, 11] and briefs addressing disputed issues in the case [Dkt. 16 ("Pltf.'s Br."), Dkt. 17 ("Def.'s Br."), and Dkt. 18 (Pltf.'s Reply").] The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

---

[1]　In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On April 13, 2017, Plaintiff filed an application for DIB alleging that he became disabled as of March 21, 2016, due to back pain and depression. [Dkt. 15, Administrative Record ("AR") 33, 196-199.] Plaintiff's application was denied initially, on reconsideration, and after a hearing before Administrative Law Judge ("ALJ") Diana Coburn. [AR 1-6, 33-44.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 416.920(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since March 21, 2016, the onset date. [AR 35 (citing 20 C.F.R. § 416.971).] At step two, the ALJ found that Plaintiff's degenerative disc disease of the lumbar spine was a severe impairment. Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 38 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.]

The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a limited range of light work as follows:

> he can lift/carry 10 pounds frequently and 20 pounds occasionally; stand/walk for 4 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; occasionally operate foot controls with left lower extremity; never climb ladders/ropes/scaffolds; occasionally perform other postural activities; the ability to use a back brace and foot brace; must be able to sit/stand/ at will; and will remain at work station and be productive.

[AR 38.] Applying this RFC, the ALJ found Plaintiff capable of performing his past relevant work as a transportation manager as generally performed and, thus, is not disabled. [AR 44.]

///

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074. The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

### IV. DISCUSSION

Plaintiff makes two arguments regarding the ALJ's evaluation of the medical evidence. First, he contends that the ALJ failed to evaluate properly the opinion of his treating orthopedist Amandeep Bhalla, M.D. Second, Plaintiff contends the ALJ erred when she failed to find that Plaintiff's depression was a severe impairment. The Commissioner responds that the ALJ properly evaluated the medical evidence under the revised regulations by determining that Plaintiff's treating physicians' opinions were less persuasive than the other medical evidence in the record. [Def.'s Br. at 10-12.]

**A. The ALJ Improperly Rejected Plaintiff's Treating Orthopedist's Opinion**

**1. Legal Standard – 2017 Revised Regulations**

On January 18, 2017, the Social Security Administration published comprehensive revisions to its regulations regarding the evaluation of medical evidence. *See* 82 Fed. Reg. 5844. For applications filed on or after March 27, 2017,

an ALJ need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) ("PAMF") [i.e., state-agency medical consultants], including those from [a claimant's] medical sources." *See* 20 C.F.R. § 404.1520c(a). Under the revised regulations, an ALJ is to evaluate medical opinions and PAMFs by considering their "persuasiveness." § 404.1520c(a). In determining how "persuasive" are the opinions of a medical source or PAMF, an ALJ must consider the following factors: supportability, consistency, treatment relationship, specialization, and "other factors." § 404.1520c(b), (c)(1)-(5). Plaintiff filed for disability after March 27, 2017. Therefore, the Social Security Administration's 2017 revised regulations governing the consideration of medical opinions apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c (2017).

Despite a requirement to "consider" all factors, the ALJ's duty to articulate a rationale for each factor varies. § 404.1520c(a)-(b). In all cases, the ALJ must at least "explain how [she] considered" the supportability and consistency factors, as they are "the most important factors." § 404.1520c(b)(2). For supportability, the regulations state: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive [the opinion or PAMF] will be." § 404.1520c(c)(1). For consistency, the regulations state: "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive [the opinion or PAMF] will be." § 404.1520c(c)(2). The ALJ is required to articulate findings on the remaining factors (relationship with claimant, specialization, and "other") only where "two or more medical opinions or prior administrative medical findings about the same issue" are "not exactly the same," and both are "equally well-supported [and] consistent with the record." § 404.1520c(b)(2)&(3). An ALJ may address multiple opinions from a

single medical source in one analysis. § 416.920c(b)(1) ("source-level articulation").

### 2. Medical Opinion Evidence

In determining Plaintiff's physical RFC, the ALJ considered the medical opinions of (1) State agency reviewing physicians Dr. B. Vaghaiwalla and Dr. Robin Rosenstock, and (2) treating orthopedist Dr. Amandeep Bhalla. [AR 43-44.]

In May 2017 (prior to Plaintiff's August 2017 back surgery), State Agency reviewing physician, Dr. B. Vaghaiwalla, reviewed Plaintiff's various medical records from the Veteran's Administration and opined that Plaintiff could perform activities consistent with a reduced range of light work. [AR 86-87.]

Two months later, on July 3, 2017, Plaintiff began treating with Amandeep Bhalla, M.D., an orthopedic specialist. [AR 858.] Dr. Bhalla scheduled Plaintiff for "spine surgery" on August 8, 2017 and "12 post op physical therapy appointments." [AR 848.]

On August 8, 2017, Plaintiff underwent a "surgical discectomy given his significant debilitating radicular pain and motor weakness in the left S1 distribution." [AR 839.] At an August 25, 2017 follow-up visit, Dr. Bhalla noted that Plaintiff's "radicular symptoms improved about 40%, ambulating with a cane, significant improvement in radiating pain down LLE (lower left extremity), and still with significant lumbar pain." [AR 842.]

In September 19, 2017, a second State Agency reviewing physician, Dr. Rosenstock, M.D., reviewed the record through September 2017, including records from Plaintiff's August 2017 back surgery (AR 96), and affirmed the findings of Dr. Vaghaiwalla. [AR 99-101.] Dr. Rosenstock also forecasted that by August 2018, one year after Plaintiff's back surgery, Plaintiff would be able to perform a greater range of light work with fewer postural limitations. [AR 101-02.]

On October 4, 2017, Dr. Bhalla authored a Physical Medical Source Statement. [AR 857-858.] Dr. Bhalla diagnosed Plaintiff with lumbar spine

radiculopathy, disc herniation, and disc degeneration. Given these impairments, Plaintiff had the ability to sit/stand/walk for a total of less than 2 hours in an 8-hour workday and would miss more than 4 days of work per month. [AR 858.]

In response to a request for a Certification of Physical examination on January 16, 2018, Dr. Bhalla conducted a physical examination of Plaintiff and noted that Plaintiff "ha[d] regressed" and that Plaintiff would need to "undergo an MRI scan to determine a possible recurrence of herniation." [AR 864.] At the follow-up MRI in January 2018, Plaintiff's cervical spine revealed mild bilateral neural foraminal stenosis at C6-C7 related to uncovertebral hypertrophy, right greater than left. [AR 1398-1399.]

A February 2018 MRI revealed a 7mm disc protrusion "compressing the left S1 nerve root" (increased from 5mm). [AR 1392.] On April 13, 2018, Plaintiff underwent a left S1 transforaminal epidural corticosteroid injection. [AR 1392.]

### 3. The ALJ's Findings

The ALJ weighed the above medical evidence as follows:

> The undersigned does not find the assessment of Dr. Bhalla persuasive as [it] exceed[s] the objective findings documented in the longitudinal record. Rather, the undersigned finds the assessments of Dr. Rosenstock and Dr. Vaghaiwalla moderately persuasive as they are not inconsistent with the longitudinal record *which documents a diminished range of motion of the cervical spine with a positive Spurling's sign*; tenderness to palpation of facet joints tenderness; and tenderness to palpation of cervical muscles. The claimant's back exam revealed muscle tenderness and tenderness to palpation of the facet joints; diminished range of motion of the lumbar spine; spondylosis and facet atrophy; paraspinal muscle hypertonicity; and lumbar spine tenderness *which documents a diminished range of motion of the cervical spine with a positive Spurling's sign*; tenderness to palpation of facet joints tenderness; and tenderness to palpation of cervical muscles. The claimant's back exam revealed muscle tenderness and tenderness to palpation of the facet joints; diminished range of motion of the lumbar spine; spondylosis and facet atrophy; paraspinal muscle hypertonicity; and lumbar spine tenderness (Exhibit 1F to 19F.) (emphasis added.)

6

[AR 43-44.]

### 4. Physical Impairment Analysis

The parties are somewhat at odds regarding the ALJ's responsibilities under the new revised regulations. However, the parties appear to agree that if the ALJ gave a logical, specific, and reviewable explanation as to why a medical opinion was not supportable or consistent—and that explanation was itself supported by substantial evidence—then the agency has not misapplied the new regulations, and the decision must be affirmed. *See April W. v. Saul*, No. SA CV 20-825 MRW, 2021 U.S. Dist. LEXIS 67735, at *14 (C.D. Cal. Apr. 7, 2021).

Having reviewed the ALJ's opinion and the record as a whole, the Court finds that the ALJ's decision fails to present a rational, cogent or supportable explanation for rejecting Dr. Bhalla's treating opinion in favor of the reviewing physicians' opinions. At the outset, the Court notes that the ALJ's explanation of the medical evidence includes two fatal mistakes that render the ALJ's decision unsupportable. First, in rejecting Dr. Bhalla's opinion, the ALJ relied on the opinion of Dr. Rosenstock. As seen above, Dr. Rosenstock issued his reviewing opinion on September 19, 2017. In that opinion, Dr. Rosenstock opined that "12 months After Onset: 08/07/2018" Plaintiff would be able to perform the equivalent of light work. [AR 101.] Dr. Rosenstock's opinion thus forecasts that Plaintiff should be able to perform light work assuming his August 8, 2017 back surgery and his year-long post-op physical therapy are successful. However, when explaining Dr. Rosenstock's opinion the ALJ fails to treat his statements as a prediction. Instead, the ALJ erroneously states that "it is noted that *in August 2018*, approximately one year after the 2017 discectomy, Dr. Rosenstock opined that Plaintiff" could perform light work. [AR 42.] This is incorrect.

Dr. Rosenstock's opinion was rendered on September 19, 2017—not in August 2018—and it was issued only six weeks after Plaintiff's discectomy—not "one year after the 2017 discectomy"—as erroneously stated by the ALJ. This

7

misstatement by the ALJ is much more than just a harmless typographical error. Here, the ALJ failed to recognize that Dr. Rosenstock made a prediction based on an assumption that Plaintiff would improve following his spine surgery. Under the revised regulations the ALJ was at liberty to find Dr. Rosenstock's projection persuasive if that opinion was at a minimum consistent and supportable; however, in order for the ALJ to reliably do so she would need to address the contradictory evidence by Dr. Bhalla demonstrating that Plaintiff's surgery was not completely successful at abating Plaintiff's symptoms.

Following Dr. Rosenstock's prediction and Plaintiff's August 8, 2017 spine surgery, Dr. Bhalla continued to treat Plaintiff for his persistent back pain. Dr. Bhalla referred Plaintiff for additional MRI's that demonstrated a growing disc protrusion (5mm to 7mm) and Plaintiff later required an epidural pain injection. [AR 1392, 1398-1399.] This is objective and unrefuted evidence that Plaintiff's back problems continued following surgery. Further, in a January 16, 2018 certification of physical condition questionnaire—four months after Dr. Rosenstock's opinion—Dr. Bhalla noted plainly that Plaintiff "ha[d] regressed" and that Plaintiff still suffered from chronic pain after surgery. [AR 864.] By mistakenly concluding that in 2018 and one year after Plaintiff's surgery, Dr. Rosenstock opined that Plaintiff could perform light work, the ALJ relied on a prediction of the future medical evidence over the actual contradictory evidence in the record. Given the obvious confusion here, the Court cannot credit the ALJ's conclusion that Dr. Rosenstock's gaze into the proverbial crystal ball is somehow more persuasive, consistent, or supportable than the actual objective findings by Dr. Bhalla one year after Plaintiff's surgery.

Second, there appears to be a typographical or formatting error in the ALJ's opinion that may have omitted the ALJ's full analysis with respect to the physical impairment evidence. As seen in the ALJ's findings above, when discussing the assessments of Dr. Rosenstock and Dr. Vaghaiwalla the ALJ states that those

8

opinions are supported by the "*longitudinal record which documents a diminished range of motion of the cervical spine with a positive Spurling's sign…*" [AR 43.] The ALJ then goes on to list other various symptoms such as tenderness, spondylosis, and paraspinal muscle hypertonicity as medical evidence supporting the opinions of Drs. Rosenstock and Vaghaiwalla. [AR 43-44.] The ALJ then repeats that exact same section by repeating the "*longitudinal record which documents a diminished range of motion of the cervical spine with a positive Spurling's sign…*" then the ALJ again lists the identical symptoms such as tenderness, spondylosis, and paraspinal muscle hypertonicity. [AR 43-44.] This obviously mistaken duplication here begs the question as to whether other supporting language was actually omitted in place of the repeated language, but the Court will not speculate. Nevertheless, given the import of this particular section of the ALJ's opinion the Court finds that the duplication mistake here is another reason rendering the ALJ's decision unsupportable.[2] Even under the 2017 rules, the ALJ must still provide a rational explanation of the medical evidence that is free of obvious and harmful errors. The ALJ has not done so here.

---

[2] The Court also notes that it fails to understand the ALJ's stated reasoning for finding the agency physicians' opinions more persuasive than the other opinions in the record. The ALJ states that she finds the agency physicians opinions more persuasive because they are consistent with the medical evidence. The ALJ then lists evidence demonstrating Plaintiff's continued symptoms of ongoing back pain such as "diminished range of motion," "muscle tenderness," and a "positive Spurling's sign" (which can include a variety of symptoms, including pain, numbness, and weakness). [AR 43.] Does the ALJ find that this objective evidence demonstrates only mild symptoms? Does this evidence contradict Dr. Bhalla's findings? There is no way to know as the ALJ is silent as to why these findings support the agency physicians' opinions. Instead of pointing to evidence that detracts from Plaintiff's allegations of disabling back pain…it appears that the ALJ cites to evidence supporting Plaintiff's allegations of ongoing back pain. If the ALJ believes that the objective evidence of Plaintiff's ongoing symptoms somehow undermines Dr. Bhalla's findings or supports the agency physicians' determination that Plaintiff can complete light work she should say so more clearly and explain why these objective findings demonstrate that Plaintiff is not as limited as Dr. Bhalla suggests.

9

Finally, even when ignoring the errors listed above, the ALJ's analysis of the physical impairment evidence is far from sufficient. Here, the ALJ failed to identify any reasons why she felt that Dr. Bhalla's opinion was unpersuasive. Rather, the ALJ rejected the opinion of Dr. Bhalla stating only that it "exceed[s] the objective findings documented in the longitudinal record." [AR 43.] The ALJ then cites to the entire 1,100-page record—"exhibits 1F to 19F"—without including any specific record citations to the specific evidence she found lacking. [AR 43; 278-1402.] That is insufficient. While the 2017 regulations do away with requiring the ALJ to adhere to the presumptively different weights for medical opinions depending on the relationship of the claimant to the evaluating doctor, the ALJ must still articulate how she considered the supportability and consistency factors for a medical source's medical opinions in making her determination or decision. 20 C.F.R. § 404.1520c(b)(2). Without weighting Dr. Bhalla's opinion more heavily than the other medical opinions, it remains the case that "an ALJ errs when [s]he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014). Thus, even when ignoring of the objective mistakes/typographical errors explained above, the ALJ's rejection of Dr. Bhalla's opinion is conclusory and unsupported, and therefore requires remand for reconsideration.[3]

## V. CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v.*

---

[3] The Court has not reached the remaining issue raised by Plaintiff, except as to determine that reversal with the directive for the immediate payment of benefits would not be appropriate at this time. However, the ALJ should address Plaintiff's additional contentions of error when evaluating the evidence on remand. [*See* Pltf.'s Br. at 5-10.]

10

*Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* A remand for an immediate award of benefits is appropriate "only in rare circumstances." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (internal citation omitted).

The Court finds that remand is appropriate because the circumstances of this case do not preclude the possibility that further administrative review could remedy the ALJ's errors. On remand, the Commissioner must properly consider the treating opinion evidence, which in turn may lead to the formulation of a new RFC and the need for additional vocational expert testimony. The Court therefore declines to exercise its discretion to remand for an immediate award of benefits. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Dominguez v. Colvin,* 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.").

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the Decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

11

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: June 15, 2021

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE